[822 NYS2d 255]

In the Matter of Thomas A. Stickel, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, October 5, 2006

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Stephen P. McGoldrick* of counsel), for petitioner.

*Jones Garneau, LLP*, Hempstead (*Deborah A. Scalise* of counsel), for respondent.

OPINION OF THE COURT

Per Curiam.

Respondent Thomas A. Stickel was admitted to the practice of law in the State of New York by the Second Judicial Department on June 28, 1978. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

On or about January 5, 2006, the Departmental Disciplinary Committee (the Committee) served respondent with charges alleging, among other things, that he neglected three client matters and failed to exercise adequate supervision of lawyers and nonlawyers in his employ (*see* Code of Professional Responsibility DR 6-101 [a] [3]; DR 1-104 [d] [2] [22 NYCRR 1200.30, 1200.5]). Respondent answered the charges, essentially admitting the factual allegations but disputing that disciplinary violations had occurred.

Subsequent to the commencement of the disciplinary proceeding, the Committee was notified by the Lawyers' Fund for Client Protection that on November 17, 2005 a check drawn on respondent's attorney trust account for $600 was dishonored due to insufficient funds. The Committee initiated an inquiry into the matter and sent respondent a letter dated January 6, 2006 requesting that he produce certain bank records relevant to the inquiry. Respondent replied by submitting a letter from his bank which stated that the account upon which the dishonored check had been drawn was incorrectly identified as an attorney trust account. The Committee, however, obtained documentation from respondent's bank which indicated that the dishonored check had in fact been drawn on respondent's attorney trust account. By letter dated January 13, 2006, the Committee so informed respondent's counsel and demanded that respondent provide the previously requested bank records.

A hearing on the charges that respondent neglected three client matters and failed to exercise adequate supervision of lawyers and nonlawyers in his employ was scheduled for March 16, 2006. In connection with that hearing, the Committee served respondent with a subpoena requiring him to appear for a deposition on February 16, 2006. On February 14, 2006, respondent's counsel telephoned a staff attorney to the Committee and

informed the attorney that respondent had suffered a stroke one day earlier and was hospitalized. The Committee acceded to respondent's counsel's request that the deposition be adjourned and agreed to extend respondent's time to provide the previously requested bank records.

Approximately one week later, the Committee received another notification from the Lawyers' Fund for Client Protection regarding dishonored checks drawn on respondent's attorney trust account. Three checks, totaling $1,809, were presented for payment shortly before respondent's stroke and were dishonored.

The Committee now seeks an order, pursuant to 22 NYCRR 603.16 (c) (1) and (d) (1), suspending respondent from the practice of law on the ground of physical infirmity or illness for an indefinite period and until further order of this Court, holding the disciplinary proceeding in abeyance, and for the appointment of an attorney to inventory respondent's files to protect clients' and respondent's interests, collect and produce attorney trust account records necessary for the Committee to complete its inquiry, and to collect and disburse settlement funds and judgment awards in connection with respondent's clients' cases.

In view of the medical evidence submitted on this motion, which indicates that respondent continues to suffer from the after effects of his stroke, respondent is unable to defend himself in this proceeding and should be suspended indefinitely. Under the circumstances, we find it prudent to appoint an attorney to protect the interests of respondent and his clients (22 NYCRR 603.16 [d] [1]). Respondent is a sole practitioner and indicated that his office has a substantial caseload. Therefore, to safeguard the interests of both respondent and his clients, we appoint an attorney to do so.

Accordingly, the petition should be granted and respondent immediately suspended from the practice of law pursuant to 22 NYCRR 603.16 (c) (1) for an indefinite period and until further order of this Court, on the ground that he is suffering from a physical condition which makes it impossible for him to adequately defend himself in the underlying disciplinary proceeding, and an attorney appointed to inventory respondent's files to protect clients' and respondent's interests, collect and produce attorney trust account records necessary for the Committee to complete its inquiry, and to collect and disburse settlement funds and judgment awards

in connection with respondent's clients' cases (*see* 22 NYCRR 603.16 [d] [1]).

FRIEDMAN, J.P., SULLIVAN, WILLIAMS, SWEENY and McGUIRE, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, and disciplinary proceedings stayed, until such time as a determination of respondent's capacity to continue the practice of law and to adequately defend himself against charges of professional misconduct in the underlying disciplinary proceeding is made and until further order of this Court. Attorney appointed to inventory respondent's files, as indicated.